UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- Against -<br><br>HECTOR RAYMOND PEÑA, et al.<br><br>Defendant. | 09 Cr 341 (VM)<br><br>Memorandum of Law In Support<br>of Motion For Severance |

## MEMORANDUM OF LAW

*Background*:

In pertinent part, Fed.R.Crim.P. 8(a) states that a defendant may be charged with two or more offenses if they "are of the same or similar character, or based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. Nevertheless, even if the Court finds that joinder of the offenses under a single indictment was proper, severance should still be granted where the Court finds that prejudice will be suffered by any of the parties involved. *See* Fed.R.Crim.P. 14(a);[4] *Zafiro v. United States*, 506 U.S. 534, 541 (1993).

### BECAUSE THE OFFENSES IN THE INDICTMENT WERE IMPROPERLY JOINED, THEY SHOULD BE SEVERED.

*Same or Similar Act Evidence*:

Apart from charging that the murders of Medina and Suarez/Carmona were "murder for hire" conspiracies, the government's distinct theories of prosecution make it clear that they are

---

[4] To date, the defense has not received or been advised by the government of any co-defendant statements which would implicate <u>Bruton v. United States</u>, 391 U.S. 123 (1968) and Fed.R.Crim.P. 14(b).

not of the "same or similar" character as required for joinder of offenses under Fed.R.Crim.P. 14. On the contrary, the evidence makes clear that the two sets of murders were separate and distinct conspiracies commissioned by separate individuals for completely distinct reasons. That is, the government will contend that Medina was murdered as part of a turf war, while Suarez and Carmona were murdered for revenge. Additionally, while offenses may be joined when they involve close geographical or temporal proximity, the Court must look beyond those factors to determine the appropriateness of the joinder. In *United States v. Tubol*, the Court of Appeals, reversing the district court, held that joinder of robbery offenses was inappropriate partly because the victims were distinctly different. 191 F3d. 88 (1999). In *Tubol*, the facts of that case indicated distinctly different victims.; the first victim was a bank and the second victim was an appliance store. In the Circuit's view, the distinction between the victims, even in light of the proximity of time and place and the use of a gun, did not support joinder.

Similarly, in the case at bar, the different theories behind the two alleged murder for hires support severance of the offenses. Like *Tubol*, the victims are not similarly situated in any manner that supports joinder. Moreover, in the case of Suarez and Carmona, the bodies were burned after being shot, while Medina's body was simply dumped on the side of the road. While the government now contends that the same .38 caliber weapon was used to commit both murders, at an earlier trial the government ballistics expert concluded that it was impossible to determine within a reasonable degree of scientific certainty whether the caliber weapon was a .38 or a 9 mm. While time and place are factors that may support joinder of offenses, they are insufficient on their own and must be supported by additional factors. *See Tubol* at *95*.

As far as the joinder of offenses based on the "same act or transaction or common scheme of plan," there is simply no evidence to support either of these prongs. Clearly, the two sets of

murders are completely separate acts based on the government's theory of prosecution and while the murders are both alleged to be a "murder for hire," the existence of the identical charge is simply an insufficient basis to find that the murders are part of a common scheme or plan.

### THE SPILLOVER EFFECT OF EVIDENCE FROM EACH OF THE SEPARATE AND DISTINCT SETS OF MURDERS IS TOO GREAT AND SEVERANCE SHOULD BE GRANTED.

Fed.R.Crim.P. 14(a) mandates that severance may be warranted regardless of whether the joinder of offenses was proper where "a consolidation for trial appears to prejudice a defendant …" It is clear that absent the joinder of offenses, the evidence of the alleged murder of Pedro Medina would not be admissible in a trial for the alleged murders of Suarez and Carmona, and *vice versa*, because the one is completely irrelevant to the other.  See *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998)("'Prejudice' occurs in joint trials when proof inadmissible against a defendant becomes part of his trial …" Additionally, the Court of Appeals has cautioned that "juries are apt to regard with a more jaundiced eye a person charged with two crimes than a person charged with one." United States v. Smith, 112 F.2d 83, 85 (2d Cir. 1940).  In this matter, the spillover prejudice of charging two distinct and separate murder for hire conspiracies under one indictment cannot be overstated.  Lastly, although not *per se* prejudice, the fact that not all the defendants are charged in both crimes is an additional factor to be considered in assessing the substantial prejudice to the defendant.  *See United States v. Sivils*, 960 F.2d 587 (6th Cir. 1992).

In sum, as a result of the prejudicial nature of the joinder of offenses, the counts should be severed.

## CONCLUSION

WHEREFORE, we request that the Court grant a severance of counts one through three of the indictment from counts four through eight and Order separate trials for the alleged murders of Pedro Medina on the one hand and Jose Suarez and Juan Carmona on the other.

Dated: August 1, 2012
      New York, New York

                                          Respectfully submitted,

                                          /s/ Stanislao A. Germán
                                          Stanislao A. Germán
                                          Attorney for Hector Raymond Peña

## AFFIRMATION OF SERVICE

I hereby certify that on this 1st day of August, 2012, I caused true and correct copies of the foregoing Notice of Motion to Sever with supporting Affidavit and Memorandum of Law to be served by filing a copy with this Court's electronic docket, CM/ECF, which will send a notice of electronic filing to:

>AUSA Laurie Korenbaum
>laurie.korenbaum@usdoj.gov

>All counsel of record for all co-defendants

>/s/ Stanislao A. Germán
>Stanislao A. Germán, Esq.