UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

— against —

HECTOR RAYMOND PEÑA, et al.,

Defendants.

09 Cr. 341 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO**, United States District Judge.

Defendant Hector Raymond Peña ("Peña") filed a motion for severance in this matter pursuant to Federal Rules of Criminal Procedure 8 and 14, (see Dkt. Nos. 123 and 124), and the Government filed its opposition (see Dkt. No. 129).

Having reviewed the parties' submissions, the Court **DENIES** Peña's motion for the reasons stated below.

## I. BACKGROUND

Peña is one of six defendants listed in Indictment 09 Cr. 341 (the "Indictment"), which contains multiple counts of using interstate commerce facilities in the commission of murder-for-hire in violation of 18 U.S.C. § 1958, and using a firearm in the commission of a killing in violation of 18 U.S.C. § 924(j).[1] Counts One, Two, and Three relate to the murder of Pedro Medina (the "Medina Counts"), while Counts Four through Eight relate to the murders of Jose

---

[1] In conjunction with several of these charges, the indictment also lists violations of 18 U.S.C. § 2, which provides that anyone aiding or abetting these acts is punishable as a principal.

Suarez and Juan Carmona (the "Suarez/Carmona Counts"). Peña is listed in all eight counts contained in the Indictment.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 8(a) governs joinder of offenses and provides that an "indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Federal Rule of Criminal Procedure 14(a) grants courts the discretion to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires" where consolidation "appears to prejudice a defendant."[2]

## III. DISCUSSION

Peña raises two arguments: (1) the Court should sever the Medina Counts from the Suarez/Carmona Counts because they were improperly joined in the Indictment under Rule 8(a), and (2) the Court should sever the Medina Counts from the Suarez/Carmona Counts under Rule 14(a) to prevent prejudice. (See generally Dkt. No. 124.)

A. MOTION TO SEVER THE OFFENSES PURSUANT TO RULE 8(a)

---

[2] Hereinafter, the term "Rule" indicates a reference to the Federal Rules of Criminal Procedure.

Peña argues that the Medina Counts should be severed from the Suarez/Carmona Counts because the two sets are not of the "same or similar" character as required by Rule 8(a), and they are the product of two "separate and distinct conspiracies commissioned by separate individuals for completely different reasons." (Dkt. No. 124 at 2.) Specifically, Peña notes that the Medina and Suarez/Carmona murders were committed for different reasons, the bodies were treated differently, and there is some dispute as to whether the same firearm was used in both cases. (Id.)

The Court first notes that in this jurisdiction, "[t]hough Rule 8(a) addresses joinder of offenses and Rule 8(b) concerns joinder of defendants, when a defendant in a multi-defendant action challenges joinder, whether of offenses or defendants, the motion is construed as arising under Rule 8(b)." United States v. Ohle, 678 F. Supp. 2d 215, 224 (S.D.N.Y. 2010) (quoting United States v. Stein, 428 F. Supp. 2d 138, 141 (S.D.N.Y. 2006)). Unlike Rule 8(a), which permits joinder on the grounds that the offenses are "of the same or similar character," joinder is proper under Rule 8(b) "only when the charged offenses are either (1) 'unified by some substantial identity of facts or participants,' or (2) 'arise out of a common plan or

scheme.'" Id. at 224 (quoting United States v. Attanasio, 870 F.2d 809, 815 (2d Cir. 1989)).

But this amounts to a distinction without a difference in this case: the Government has sufficiently alleged that the Medina Counts and the Suarez/Carmona Counts are properly joined. Specifically, the Government argues that both the Indictment and the proof at trial will demonstrate that the murders are linked by the defendants' previous criminal relationships, the defendants' shared motive in engaging the murder-for-hire scheme, the identical modus operandi employed in the two incidents, and by overlapping physical and testimonial evidence. (See Dkt. No. 129 at 7-9.) On balance, the Court finds these factors more compelling than those highlighted by Peña, and is convinced that all counts are sufficiently interconnected and that the interests of judicial efficiency will be best served by having them tried together. See United States v. Ezeobi, No. 10 Cr. 669, 2011 WL 3625662, at *1 (S.D.N.Y. Aug. 17, 2011) (When analyzing the appropriateness of joinder under Rule 8, "a court may consider both what is alleged in the indictment as well as the Government's pretrial representations of the evidence that will be presented at trial.")

B. MOTION TO SEVER THE OFFENSES PURSUANT TO RULE 14(a) DUE TO RISK OF "SPILLOVER PREJUDICE"

Peña argues that, even if joinder of the offenses is proper under Rule 8(a), the Court should nevertheless sever under Rule 14(a) because "the spillover prejudice of charging two distinct and separate murder for hire conspiracies under one indictment cannot be overstated." (Dkt. No. 124 at 3.) Peña's conclusory statements regarding prejudice do not meet Rule 14(a)'s "extremely difficult burden." United States v. Johnson, No. S2 10 Cr. 431, 2013 WL 150104, at *2 (S.D.N.Y. Jan. 10, 2013) (internal quotation marks omitted).

The Court has previously noted that "a defendant moving for severance under Rule 14 must prove 'facts demonstrating that he will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial.'" United States v. Forde, 699 F. Supp. 2d 637, 641 (S.D.N.Y. 2010) (quoting United States v. An-Lo, 851 F.2d 547, 556 (2d Cir. 1988); see also United States v. Werner, 620 F.2d 922, 928-29 (2d Cir. 1980) (noting that "substantial prejudice" must be shown under Rule 14 because a "lesser showing would undermine the policies behind Rule 8 and essentially read that rule from the books"); Ezeobi, 2011 WL 3625662, at *2 ("'Granting separate trials under

Rule 14 simply on a showing of some adverse effect, particularly solely the adverse effect of being tried for two crimes rather than one, would reject the balance struck in Rule 8(a), since this type of prejudice will exist in any Rule 8(a) case.'") (quoting United States v. Sampson, 385 F.3d 183, 190 (2d Cir. 2004)).

As discussed above, the Court is not persuaded by Peña's argument that the murders are "completely irrelevant" to one another, and, as such, finds that the risk of "spillover prejudice" between the Medina Counts and the Suarez/Carmona Counts is not nearly as drastic as he suggests. Moreover, the Court finds that any risk of prejudice can be more than adequately addressed in a less burdensome manner by carefully crafting limiting instructions for jurors. See United States v. Ramos, 346 F. Supp. 2d 567, 575 (S.D.N.Y. 2004) ("Such 'limiting instructions to the jury have emerged as the preferred device for curing any prejudicial spillover that may result from a multi-defendant, multi-count trial.'") (quoting United States v. Santiago, 174 F. Supp. 2d 16, 23 (S.D.N.Y. 2001)); Ezeobi, 2011 WL 3625662, at *2 ("The Court may presume that the jury is capable of understanding and following limiting instructions provided during the course

- 6 -

of and at the conclusion of the trial with regard to the manner in which it may use evidence.").

### IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that Hector Raymond Peña's motion for severance (Dkt. No. 123) is **DENIED**.

**SO ORDERED**:

Dated: New York, New York
15 March 2013

Victor Marrero
U.S.D.J.