UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                      S4 09 Cr 341 VM)

     -against-


HECTOR RAYMOND PENA,

                Defendant,
------------------------------------------------------------X


# MEMORANDUM OF LAW IN OPPOSITION TO
# THE GOVERNMENT'S MOTIONS IN LIMINE

                                          Deveraux L. Cannick
                                          *Attorney for Hector Raymond Pena*
                                          Aiello & Cannick
                                           69-06 Grand Avenue
                                          Maspeth, New York 11378
                                          Telephone: (718) 426-0444
                                          Facsimile: (718) 803-9764

                                          Calvin H. Scholar
                                          *Attorney for Hector Raymond Pena*
                                          The C.H. Scholar Law Firm, P.L.L.C.
                                          270 North Avenue, Suite 202
                                          New Rochelle, New York 10801
                                          Telephone: (914) 813-8989
                                          Facsimile: (914) 813-8988

## **THE GOVERNMENT'S MOTIONS SHOULD BE DENIED.**

The Government has submitted several motions *in limine* ostensibly to seek admission of certain evidence and to provide notice to the Court as well as the defense of certain evidence that the Government may offer at trial. The defense submits that the information contained in the Government's motion lacks completeness and thus, the Court, in its discretion, should deny the motion at this time or require the Government to disclose more information as it relates to the uncharged criminal conduct that it wishes to elicit. The defense would also request that this Court deny the motion because such evidence creates a risk that testimony about prior bad acts will paint Mr. Pena's propensity as criminal and distract the jury from the proof specific to the charged crimes. The defense submits that the probative value of testimony of the different criminal acts which do not have any relationship to the instant charges is substantially outweighed by the danger of unfair prejudice. Further, the Government seeks to admit acts that have been allegedly committed outside of the dates of the charged conspiracy and therefore, those acts cannot be direct proof of the charged conspiracy as the Government claims.

Federal Rule of Evidence 404(b) states that evidence of prior criminal conduct is not admissible to prove the character of a person to show that he acted in conformity. Under Federal Rule of Evidence 404(b), such evidence may be admissible for other proper purposes provided that the prosecution provides reasonable notice in advance of trial. Federal Rule of Evidence 404(b) does not specify what constitutes reasonable notice or what should be contained in the notice to satisfy the requirements of the rule.

However, with respect to the 1991 Amendment requiring notice to the defense, the Advisory Committee on Rules stated that the notice "is intended to reduce surprise" and that what constitutes reasonable notice will depend largely on the circumstances of the specific case. Advisory Committee's Notes on Fed. Rule Evid. 404, 28 U.S.C. App., p. 861.

The United States Supreme Court articulated a multi-prong analysis to determine the admissibility of prior act evidence under Fed. Rule Evid. 404(b) [hereinafter Rule 404(b)] in *Huddleston v. United States*, 485 U.S. 681 (1988). Under this approach, evidence of prior acts must be 1) offered for a proper purpose under Rule 404(b); 2) relevant to that purpose under Rules 402 and 104(b); and 3) substantially more probative than prejudicial under Rule 403. *Id* at 691-92.

### *Huddleston Analysis*

Under the first prong of *Huddleston*, the Government must identify a permissible purpose in order to seek to admit evidence of prior acts. *Id*. However, in the instant case, the Government's purported identification of a proper purpose is undermined by the lack of a sufficient notice pursuant to Rule 404(b). The Government has requested that the Court allow it to present evidence of robberies of drug dealers and robberies of illegal gambling establishments under Points 2 and 3 of its motion. The notices for these acts listed by the Government lack any specificity with respect to the nature of the acts, including, but not limited to, the time, place, and date of the specific acts the Government

3

seeks to introduce at trial. *United States v. Garcia*, 291 F.3d 127, 136-139 (2d Cir. 2002).

In *Garcia*, the Government sought to admit evidence of the defendant's prior conviction for a drug offense, however, the Government failed to identify a similarity or connection between the prior crime and the crime charged. *Id* at 137. As the Court warned in *Garcia*, "…the Government may not invoke Rule 404(b) and proceed to offer, carte blanche, any prior act of the defendant in the same category of crime, but rather must identify a similarity or connection between the two acts that makes the prior act relevant to establishing knowledge of the current act..." *Id* (citing *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992). When the Government fails to identify some similarity or tangible connection between a prior act and a current act, the Second Circuit has held that other act evidence is not relevant and should not be received as evidence. *United States v. Edwards*, 342 F.3d 168 at 177 (2d Cir. 2003).

In the instant case, the Government has failed to identify any specific similarities between the prior acts listed in its motion and the current act charged in the indictment. The Government has failed to identify the persons involved in those prior acts, locations where the prior acts were allegedly committed, or any other factor that could be used to confirm that there was some tangible connection between the prior acts and current act. In *Garcia*, although the defendant had engaged in a past criminal act involving drugs, the amount of drugs, the persons involved, and the nature of the transactions were all different. *United States v. Garcia*, 291 F. 3d 127, 138. The Court held that the Government failed to establish that the prior act was meaningfully probative because the Government did not offer any evidence of any similarity or connection to the current

charge. *Id*. *See also United States v. Tubol*, 191 F.3d 88 (2 Cir. 1999). Thus, the second *Huddelston* prong of relevancy also demands preclusion of the Government's proposed prior acts evidence.

Thus, the Government should be precluded from eliciting any testimony concerning the alleged kidnapping listed in Point 4, the alleged enforcement of a drug debt listed in Point 5 and Point 6, and the alleged presence of guns and police paraphernalia listed in Point 8 as the Government has failed to establish any connection to the instant charges. Similarly, the Government should not be allowed to present evidence of Jose Pena's alleged efforts to locate a person named "Rubio" listed in Point 9 of the Government's motion. The Government merely asserts that a person named "Rubio" was inquired about without listing any other factor from which the Court can conclude that the act was probative of the charged crime. For example, the Government has failed to list the basis of knowledge of the cooperating witness or the circumstances surrounding the alleged search for "Rubio." With respect to Points 9, 10, 11, and 14, the Government has submitted a conclusion that cannot necessarily be drawn from the proffered evidence. The defense submits that the probative value of such tenuous allegations will not outweigh the potential for prejudice.

The Government's motion to admit evidence of the acts listed in Point 1 (Prior Arrests and Guilty Pleas), Point 7 (Post-Conspiracy Robbery), Point 15 (Pre-Conspiracy Act), and Point 16 (Post-Conspiracy Act) should be denied because the acts are outside of the charged conspiracy and cannot be considered as background or as direct proof of the conspiracy. The United States Court of Appeals for the Second Circuit has held that "[w]hen the indictment contains a conspiracy charge,

uncharged acts may be admissible as direct evidence of the conspiracy itself." *United States v. Thai*, 29 F.3d 785, 812 (2d Cir. 1994). However, the test for relevance under *Huddleston* is not met by the Government's proffer in the instant case as to any of the incidents listed above as Courts have held that at this pre-trial stage, at least some proof is required that an act was committed, that the defendant had a role in that act, and that proof must have some relation to the charged conspiracy. *United States v. Barret*, 10 Cr. 809 (KAM) 2011 WL 6935500 *5 (E.D.N.Y. Dec. 31, 2011); *United States v. Basciano*, 03 Cr. 929 (NGG) 2006 WL 385325 (E.D.N.Y. Feb. 17, 2006); *see United States v. Edwards*, 342 F.3d 168, 177 (2d Cir. 2003) (holding that the Government must supply some tangible connection between a prior act and a current act); *United States v. Garcia*, 291 F.3d 127, 136-139 (2d Cir. 2002) (requiring the Government to identify a similarity or connection between the uncharged acts and the current act).

Under the third Huddleston prong, the evidence the Government seeks to admit of the incarceration of Hector and/or Jose Pena is inadmissible pursuant to Federal Rule of Evidence 403 as the probative value of such acts is substantially outweighed by the danger of unfair prejudice. *United States v. Bourne*, 08 Cr. 888 (NGG), 2011 WL 4458846 *12 (E.D.N.Y. Sept. 23, 2011). Courts have held that "unfair prejudice" to a criminal defendant is evidence that lures the factfinder into finding guilt on evidence other than specific proof of the charged crime. *Id. Old Chief v. United States*, 519 U.S. 172 (1997). The Court in *United States v. McCallum*, 584 F.3d471, 476-77 (2d Cir. 2009) described similar evidence as propensity evidence masked in "sheep's

clothing," appealing to the human tendency of a jury to overlook instructions when presented with evidence of other crimes and find guilt on an improper basis.

The defense submits that a jury would find the sheer number of incidents sensational and disturbing. *United States v. Basciano*, 03 Cr. 929 (NGG) 2006 WL 385325 (E.D.N.Y. Feb. 17, 2006). Any evidence of Mr. Pena's alleged involvement with other crimes is of limited probative value and unnecessarily prejudices Mr. Pena by confusing the jury with evidence that has no relation to the proof of the specific crime that has been charged. In *Old Chief v. United States*, 519 U.S. 172 (1997), the Supreme Court held that the unfair prejudice created by propensity evidence raised the risk that a jury will generalize a defendant's bad act into bad character, thus raising the likelihood of the jury concluding that that he committed the crime currently charged. *Id*. The Supreme Court stated that propensity evidence also raised the possibility that when a jury was uncertain of guilt, it would rely on such evidence of a prior bad act to punish a bad person which created a prejudicial effect that outweighed ordinary relevance. *Id.*

Further, the Government plans to present as evidence in the alleged conspiracy: audio recordings, video surveillance, cooperating witnesses, and other physical evidence. The amount of evidence the Government claims to have renders any evidence of uncharged and unsubstantiated transactions unnecessary. *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009). In *McCallum*, the Court held that the various types of evidence that the Government had at its disposal to establish guilt rendered the use of uncharged acts unnecessary in that case. *Id*. Further, the Court indicated that the existence of other less prejudicial evidence on a point reduced the value of other extrinsic

7

evidence. *Id*. Thus, the Court questioned whether such extrinsic evidence could pass the Rule 403 balancing test in a case in which there existed other less prejudicial evidence that was specific to the crime that was currently charged. *Id*.

**THE DEFENDANTS' RIGHT TO CONFRONT WITNESSES
SHOULD NOT BE LIMITED BY THE ADMISSION OF
HEARSAY OR THE RESTRICTION OF CROSS EXAMINATION.**

The Government seeks to admit hearsay for which there is no valid exception nor is there a proper basis for admitting such testimony. The Government seeks to admit hearsay that implicates the defendants not the declarant. The purpose of Federal Rule of Evidence 804 (b)(3) is that it establishes some trustworthiness because the declarant would not speak against their interests. However, in the instant situation alleged by the Government, it has failed to establish that these alleged statements were said to incriminate themselves and not to garner esteem or further assistance. In those cases where the statements are made to friends or perceived allies, there is a greater probability that "incriminating" statements were made with some ulterior motive such as to curry favor. In the instant case, under the circumstances alleged by the Government, neither the statements incriminating the declarant nor incriminating the defendants would meet the tests of the rule, particularly the "against-interest" trustworthiness requirement of Federal Rule of Evidence 804 (b)(3). *See United States v. Sasso*, 59 F.3d 341, (2d Cir. 1995). In any event, the statements do not appear to meet the requirements of Federal Rule of Evidence 801 (2)(E) as the Government concedes that the alleged statements about the murders to CW-1, CW-2, CW-3 and CW-4 were not made within the scope of the conspiracy as those witnesses were not co-conspirators as to the double murder.

The Government further requests the Court to restrict the defendants' right to confront witnesses by limiting cross-examination. The Government has failed to provide any reasonable basis for the Court to limit the cross examination of witnesses. The prior acts of witnesses that establish witness' credibility are permissible areas of cross examination under Federal Rules of Evidence 608, 609 and 611. The Government has failed to meet its burden to establish a compelling reason to preclude the defense from inquiring about a witness' specific acts of misconduct.

## **CONCLUSION**

For the aforementioned reasons, the defense strongly opposes the Government's use of the proffered Rule 404(b) evidence. The defense requests that the Government provide details of the prior acts that it wishes to offer and to explain how each act is probative of a permissible non-propensity purpose. If the Court determines that such evidence is admissible, the defense requests that the jury be given an appropriate limiting instruction. *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009) (citing *Huddleston* at 691-92).

Respectfully submitted,

By:    Deveraux L. Cannick
Attorney for Hector Raymond Pena
Aiello & Cannick
69-06 Grand Avenue
Maspeth, New York 11378
Telephone: (718) 426-0444
Facsimile: (718) 803-9764

/s/ Calvin H. Scholar
Attorney for Hector Raymond Pena
The C.H. Scholar Law Firm, P.L.L.C.
270 North Avenue, Suite 202
New Rochelle, New York 10801
Telephone: (914) 813-8989
Facsimile: (914) 813-8988