UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                        S4 09 Cr 341 (VM)

    -against-


HECTOR RAYMOND PENA,

            Defendant,
------------------------------------------------------------X


# MEMORANDUM OF LAW IN OPPOSITION TO
# THE GOVERNMENT'S MOTION IN LIMINE REGARDING THE
# POTENTIAL TESTIMONY OF DET. HAROLD HERNANDEZ

Deveraux L. Cannick
*Attorney for Hector Raymond Pena*
Aiello & Cannick
69-06 Grand Avenue
Maspeth, New York 11378
Telephone: (718) 426-0444
Facsimile: (718) 803-9764

Calvin H. Scholar
*Attorney for Hector Raymond Pena*
The C.H. Scholar Law Firm, P.L.L.C.
270 North Avenue, Suite 202
New Rochelle, New York 10801
Telephone: (914) 813-8989
Facsimile: (914) 813-8988

## THE GOVERNMENT'S MOTIONS SHOULD BE DENIED.

The Government has submitted a motion *in limine* seeking a ruling from this Court allowing a New York City police detective to testify regarding statements made to him by a victim of a past assault. The Government claims that the statements concerning a past assault by individuals dressed as police officers are evidence against the defendants because they are also accused of dressing as police officers to commit the instant crimes. The Government contends that the statement to the detective should be admitted as an excited utterance and therefore, the statements are an exception to the hearsay rule under Federal Rule of Evidence 803 (2). The defense opposes the admission of the statements regarding a past assault made to Detective Hernandez as the statements do not satisfy the requirements of the rule. In addition, the statements are not relevant.

## ARGUMENT

In its motion, the Government indicates that the statements to Detective Hernandez satisfy the requirements of Rule 803. In support of their motion, the Government paraphrases the statements made to Detective Hernandez. Further, the Governments has failed to supply the actual report made by Detective Hernandez which clearly established that the declarant's statement was not an excited utterance. The defense has attached the report of Detective Hernandez as Exhibit A and would request that the Court compare the report to the Government's motion.

Initially, the defense opposes the Government's motion as the statements made to Detective Hernandez, as listed in his report, do not appear to be relevant to the instant

case as the statements do not identify any person responsible for the commission of an assault on the declarant. Thus, the statements have little probative value to the instant charged crimes.

Moreover, the statements do not appear to satisfy the requirements of Fed. R. Evid. 803 (2). The report makes clear that the police responded to interview the declarant regarding a past assault. The Government has failed to indicate when the assault occurred in relation to this statement to the detective and that information is not contained in his report. Further, the Government claims that the declarant was suffering from the effects of the assault when he made his statement to the detective. However, the report clearly states that the condition of the declarant was stable and in the parlance of the New York City Police Department, the declarant was "not likely" [to die].

The Sixth Amendment of the United States Constitution provides that a criminal accused shall have the right to confront witnesses and guarantees a right of cross-examination. Clearly, the Government does not wish to call the actual declarant of the statements regarding the assault and therefore, he cannot be cross-examined. However, the statements the Government is attempting to elicit are not excited utterances under Rule 803 (2).

The Supreme Court in *Crawford v. Washington*, 541 U.S. 36 (2004), declared that the admission of testimonial hearsay evidence violates the Confrontation Clause. The Court clarified the term "testimonial" in *Davis v. Washington*, 547 U.S. 813 (2006). The Supreme Court combined another case *Hammon v. Indiana*, in its decision in *Davis*. Although both cases involved hearsay statements, the Court distinguished statements in *Davis* which were statements made while the event was taking place and those statements

3

in *Hammon*, which were made for the purposes of an investigation. *Id*. In *Davis*, the Supreme Court held that statements can be considered testimonial when they are in response to an officer's questioning which had the sole purpose of satisfying an investigation. *Davis*, 547 U.S. at 829-831.

In the instant case, the statements to Det. Hernandez were clearly testimonial. The report of Det. Hernandez established that he responded to the hospital for the sole purpose of conducting an investigation. Although the amount of time that had passed since the assault is not dispositive, the declarant was not described as in any distress. Further, the declarant was indicated that he was a suspect in a shooting, that he could be a witness for the police, and that the declarant offered to view photographs in order to identify the perpetrators. After volunteering to be a witness, the declarant then attempted to point the police away from his status as a suspect and attempted to induce the police to suspect the victims of the declarant's shooting.

Similarly, there was no indication that the statement was made during an emergency or to clarify an emergency situation. The Government claims in its motion that the police could have been investigating a rash of stabbings being committed by fake police officers. However, the report of Det. Hernandez clearly indicated that the police were merely investigating the misdemeanor crime of criminal impersonation. For the aforementioned reasons, the statements to Det. Hernandez are testimonial hearsay and accordingly, the defense submits that the statements should not be admitted.

# **CONCLUSION**

The defense strongly opposes the Government's application to offer the testimony of Det. Hernandez regarding statements made by the victim of a prior unrelated stabbing. If the Court determines that such evidence is admissible, the defense requests that the jury be given an appropriate limiting instruction.

Respectfully submitted,

By:    Deveraux L. Cannick
Attorney for Hector Raymond Pena
Aiello & Cannick
69-06 Grand Avenue
Maspeth, New York 11378
Telephone: (718) 426-0444
Facsimile: (718) 803-9764

/s/ Calvin H. Scholar
Attorney for Hector Raymond Pena
The C.H. Scholar Law Firm, P.L.L.C.
270 North Avenue, Suite 202
New Rochelle, New York 10801
Telephone: (914) 813-8989
Facsimile: (914) 813-8988