USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/05/2023

RECEIVED 2023
CHAMBERS OF
JUDGE MARRERO

United States District Court
Southern District of New York

| | |
|---|---|
| United States of America | Case No. 21-1199 |
| Defendant, Appellee | 09-CR-341-VM |
| v. | 17-Civ-389-VM |
| Hector Raymond Pena | |
| Plaintiff, Appellant | Points and Authorities in Support of 2255 motion. |

Motion for Authorization to file a second or Successive 2255 motion

Comes, now, Hector Pena, pro se and indigent respectfully moves this court to grant a motion for Authorization to file a second or successive motion under 28 USC section 2255, to vacate, set aside or correct a sentence by a person in federal custody in light of United States v. Taylor 142 S.Ct. 2015 (2022)

Request DENIED. Movant is directed to seek relief from the Court of Appeals. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).

SO ORDERED.
09/05/2023
DATE

Victor Marrero
U.S.D.J.

## Summary of Facts

The movant must make a prima facie showing that the movant satisfy either of the two conditions found in 28 U.S.C. 2255 (h) 2:

A. There is newly discovered eviedence that if proven and viewed in light of the evidence as a whole, would be sufficent to establish by clear and convincing evidence that no reasonable fact finder would have found you guilty of the offense; or

B. There is new rule of constitutional law made retroactive by the Supreme Court that was previously unavailable.

In light of Taylor id, The Supreme Court has given due consideration, and for the first time in the 2nd Circuit, orders a remand on resentencing based on 924(j) convictions. The movant otherwise meets the standard for filing a second or successive 2255 motion set forth in 2255(h)2. Accordingly, this court shall grant the movant's authorization motion. The district court violated the movants due process and Sixth Amendment rights when it vacated counts 3,7, and 8 924(j) convictions as unconstitutional under Davis, but denied a hearing for a new PSR to be recalculated with the predicate and elements of a conspiracy which is not a crime of violence. This court must order the district court which vacated 924(j) conviction which requires remand to be resentence. U.S. V. Davis 139 S.Ct 2319,2323,2327,204 L. Ed 2d 757 (2019) Section 924(j) "applies to people who cause death in the course of (a) violation 924(c) United States V. McClaren, 13f. 4th 386, 412-13 (5th Cir. 2021). Finally, 924(o) provides that "[a] person who conspires to commit an offense under subsection (c) shall

be imprisoned for not more than 20 years". In the case at hand, the Government must acknowledge, that the movant;s 924 convictions are erroneously predicated on a conspiracy to commit murder for hire Title 18 USC, Section 1958 is not a crime of violence. The Fifth Circuit court of appeals reviews this claim for plain error.

In Jones, gang members were convicted of "racketeering drug, and firearm offense-including several offenses under 18 USC 924." Id at 268. U.S. V. Jones, 935 f.3d 266, 271 (5th Circuit 2019) "For each 924 offense, the indictmnet charged [Rico] conspiracy... as a predicate crime of violence, and controlled-substance conspiracy...as predicate drug trafficking crime." Id at 269." The verdict form did not require the jury to specify which predicate offense or offenses it relied upon in convicting [the] [a]ppellant's of the 924 offenses." Id. On Appeal the Jones appellants contended that their 924(c) convictions could not be predicated on Rico conspiracy because Rico conspiracy is not a crime of violence under Davis Id. Reviewing for plain error, the Jones panel ultimatley agreed and concluded that there was "a reasonable probablility that, but for the error, the outcome of the proceeding would have been different." Id. at 272 (citing Molina-Martinez V. U.S. 578 US 189, 194, 136. S. Ct. 1338, 194 L. Ed 2d.444 (2016) (internal quotation marks omitted). Specifically, "the jury could have convicted on the 924 counts by relying on either the invalid crime of violence predicate. [ie. Rico conspiracy] or [an] alternative drug trafficking predicate." Id. The court vacated the convictions because "the Davis error... increased the [appellants] sentences significantly and even resulted in additional life sentences for" some of them Id at 271.

(3)

This court faces the same situation. It was "clear or obvious" error to permit the jury to convict the movant under 924(j) without specifying which conspiracy was the predicate offense. And the error affected the movant's substantial rights. Each 924(j) counts 3, 7, 8 under which the movant was charged was predicated on the charged conspiracy to commit murder for hire 1958. Because "[t]he verdict form did not require the jury to specify which predicate offense or offenses it relied upon." There is reasonable probability that the jury improperly relied on "nonviolent" conspiracy to commit murder for hire conduct to convict the movant under 924. This court must choose to correct the Davis error because the movant fatally received additioanl life sentences as a result. The proper remedy this court must order a remand for resentencing with a hearing to recalculate the pre-trial sentencing report (PSR). The district court committed a fatal procedural error.

The district court must consider the factors set forth in 18 USC 3553(a) "to the extent that they are applicable." Taking into account 18 USC 3553(a), the district court finds that a sentence of life imprisonment the mandatory sentence, is reasonable and appropriate and that such a term is sufficient but not greater than necessary to promote the proper objectives of sentencing (see sentencing transcripts). The movant was sentenced under 3553(a) without a recalculated PSR. The movant's constitutional rights are clearly violated without resentencing. This needs to be addressed, rather abusive discretion and a miscarriage of justice occured when the district court vacated counts 3, 7, 8 of 924(j) which warrants a full resentencing.

US V. Booker, 543, US 220, 125 S. Ct 738, 160 L. Ed 2d 621, (2005)

which made sentencing guidelines advisory; and US V. Brown, 935 F.3d 43 (2d Cir. 2019) in which we interpreted the Supreme Court ruling in Dean V. US 137 S. ct 1170, 197 L.Ed 490 (2017), to mean that "a sentencing judge selecting a sentence for a predicate offense, [is] not prohibited from considering the severity of a mandatory consecutive minimum sentence, and has the discretion, but not the obligation, to consider such severity." The movant argues the impact of DAVIS is that the court today would be free to impose an overall term of imprisonment as low as 10 years for the 3 counts of vacated 924(j) convictions, and would not require to impose any additional prison time for the underlying conspiracy to commit murder for hire, none of which carry a mandatory prison term. The movant raises a procedural error to be reviewed as plain error. Rule 52(b). This court is respectfully requested to unbundle the movant's sentence under Davis Id with 18 USC 3553(a) untitled. The district court is not bound per se Id. 3559(a) which a life sentence is not reversable to use it's discretion accordance of an appropriate PSR to be resentenced with this courts proper instructions.

PSR

US V. Hopper US APP Lexis 12945 May 13, 2022 (2nd Cir.) Co-defendant Kemnorris Kinsey who plead guilty, Hopper chose to envoke his right and proceed to trial in Oct. 2019 was convicted of the, RICO count and acquitted of the firearm count. Kinsey argues-and the government concedes-that the District Court plainly erred in calculating his offense level when it adopted a PSR that included aggravated assault as a "pseudo-count" (layman's terms false, fabricated, erroneous -count) under the RICO sentencing guidelines.

See Id, US V. Massino, 546 F. 3d 123 (2d Cir. 2008). Understandably, Co-defendant Dowdlell who also pled guilty, claims failed to comply with Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to rule on disputed aspects of his PSR. The 2d Circuit reviews Rule 32 such as Dowdell's who also plead guilty for plain error. US V. Wagner-Dano 679 F. 3d. 83, 92 (2d Cir. 2012). This court vacated and remanded for the purpose of recalculating Dowdell's offense level and resentencing on that basis. The movant is merely requesting a resentencing based on unconstitutional violations of counts 3, 7, 8, and recalculate with a revised PSR on his offense level which 1958 carries 10 years.

"An indictment is multiplicitous when it charges a single offense as an offense multiple times, in seperate counts, when, in law and fact, only one crime has been committed." US V. Chacko 169 F. 3d 140, 145 (2d Cir. 1999). The Supreme Court has established the following test for determining whether each provision requires proof of a fact which the other does not." Blockburger V. US 284 US 299, 304, 52 S. Ct 18, 76 L. Ed 306 (1932). In other words "ask whether each charged offense contains an element not contained in the other charged offense." US V. Villa 744 F. Appx. 716, 720

(2d Cir. 2018)(summary order)(quoting Chacko 169 F. 3d at 146).

## Abusive discretion

The movant's assertions that he did not agree with the PSR's assessment and guidlines was cut short in the movant's right to allocution. Due to the movant's limited understanding of the english language, did not understand what an allocution in the criminal procedure entails. A trial judge's formal address to a convicted defendant, asking him or her to speak in mitigation of the sentence to be imposed. This address is required under Fed. R. Crim. P. 32 (c)(3)(C). An unsworn statement from a convicted defendant can ask for mercy, explain his or her conduct, apologize for the crime, or say anything else in an effort to lessen the impending sentence. This statement is noto cross-examination. The movant during sentencing did not even know or understand that he received eight life sentences for a duplicitous charges from a defective indictment. The movant understood why the courts asked if he had anything to say. The movant simply stated "I have nothing to say, your Honor". These comments with counsel and an interpreter (spanish english interpreter.) did not indicate a lack of remorse but were merely an effort to explain that "he had nothing to do with the murder on 156th South Blvd." The movant simply wanted to correct the PSR on the stated objections to counsel. A defendant's motivation to state objections on record is unquestionablely a proper consideration at sentencing See. eg. Stewart, 590 F. 3d at 140-41. "In evaluating culpability we cannot discount the relevance of the defendant's motivations---ie, whether mercenary, see eg. 18 USC 1958 murder for hire, or born from a commitment to the use of violence."; US V. Hansen 701 F. 2d 1078, 1083 (2d Cir. 1983) "Noting" the long unbroken tradition of the criminal law that

harsh sanctions should not be imposed where moral culpability is lacking (quoting Lennon V. INS, 527 F. 2d 187, 193 (2d Cir. 1975); accord Porter V. McCollam, 558 US. 30, 41, 130 S. Ct 447, 175 L. Ed 2d 398 (2009) holding that defense counsel failed to provide effective assistance where "[t]he judge and jury at [defendant's] original sentencing heard almost nothing that would humanize [defendant] or allow them accurately to gauge his moral culpability."

There may be cases, of course, where a defendant's claim of mitigating circumstances does undermine his acceptance of resonsibilty, and the district court may take that lack of genuineness into account. See US Sentencing Guidelines Manual 3E1.1 Application Note 3. An example is provided by US V. Douglas, inwhich the Fifth Circuit affirmed a sentence where the district court granted acceptance-of-responsibilty credit but then upwardly departed because of the defendant's lack of remorse Id. The sentencing allocution; The defendant; "I have nothing to say your Honor" (citing Sentencing tr. at 6:10-10:11) The Court: "...expressed no remorse for his conduct."

English is the movant's second language. The movant does not fully understand what an allocution is. In contrast, in this case, the movant did show remorse in a hand written letter to the judge. When he learned and understood what an allocution means in sentencing. The movant stated, " I feel sorry for all the victims family member. I lost my mother in 1997. Also I lost my father in 2000. Also I lost my sister in 2007. Also I lost my brother in 2010. Also I lost my wife in 2015 since I have been incarcerated..."

"Sentencing, that is to say punishment, is perhaps the most difficult task of a trial judge." Jack B. Weinstein, Does Religion

have a role in Criminal Sentencing? 23 Toaro L. Rev. 539, 539(2007) while there are many competing considerations in every sentencing decision, a sentencing judge must have some understanding of the "diverse frailties of humankind." See Woodson V. North Carolina 428 US 280, 304, 96 S. Ct. 2978, 49 L. Ed 2d. 944(1976) (plurality opinion). In deciding what sentence will be "suffecient, but not greater than necessary" to further the goals of punishmnet, 18 USC 3553(a), a sentencing judge must have a "generosity of spirit, that compassion which causes one to know what it is like to be in trouble and in pain." Guido Calabresi What makes a Judge Great; To A. Leon Higginbotham Jr. 142 U. PA. L. Rev. 513, 513, (1993): See also Edward J. Devitt, Ten Commandments for the new Judge, 65 A.B.A. J. 574(1979), reprinted in 82 F. RD 209, 209(1979) "Be Kind. If we Judges could posess but one attribute, it should be kind and understanding heart. The bench is no place for cruel or callous people regardless of their other qualities and abilities. There is no burden more onerous than imposing sentence in criminal cases."

To the extent the district court sentenced the movant to 8 life sentences to run consecutively because of a perception that in attempting to explain his actions due to his limited understanding of the English language, and pleaded for mercy and expressed remorse to the victims family in the judges' letter the movant did not fully accept responsibility, the district court committed procedural error. US V. Singh 877 F. 3d 107 US. App lexis 24994, Dec 12, 2017 (2d Cir.)

Counsel failed as ineffective assistance of Counsel when he failed to object to the miscalculated PSR of the predicate offense

invalidated under <u>Taylor</u> id. using the elements of a nonviolent charge.

Counsel failed as ineffective assistance of counsel when he did not guide the movant properly during allocution. Powell V. Alabama, 278 US 45, 69, 53, S. Ct. 64 (1932) The Supreme Court has explained that a consecutive denial of counsel occurs when the defendant is deprived of " the guiding hand of counsel."

## Double Jeopardy Claim.

United States V. Estrada 320. F. 3d at 180 18USC U.S. 922(g).

"A double jeopardy claim cannot succeed unless the charged offenses are the same in fact and in law" US V. Estrada 320 F. 3d at 180. In this case, there is no question that the offenses at issue in the Southern District of New York indictment are the same "in law" as allege possession violations of the same criminal statute, 18 USC 924(c) which 924(j) stems from. Id <u>Blockburger</u> "providing for legal identity of charges to be determined by reference to their respective elements." accord US V. Dixon, 509 US. 688, 696, 113 S. Ct. 2849, 125 L. fd 2d 256 (1993) observing that Blockburger test "inquires whether each offense contains an element not contained in the other, if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." The only controverted issue is whether the charged offenses are the same "in fact". The 2d Circuit court of Appeals must conclude that shifting burden analysis appropriately applies to a double-jeopardy challenge to successive prosecutions under the same law, whether the crimes at issue are substantive, US V. Olmeda 461f. 3d 271 Aug. 29, 2006 (2d Circuit)

## Constructive Amendment

To satisfy the Fifth Amendment Grand Jury Clause "an indictment must contain the elements of the offense charged and fairly inform the defendant of the charge against which he must defend." This clause is violated, and reversal is required, if the indictment has been constructively amended. "A constructive amendment occurs when the change upon which the defendant is tried differs significantly from the charge upon which the grand jury voted." A defendant claiming constructive amendment "must demonstrate that either proof at trial or the trial court's jury instructions so altered an essential element of the charge that, upon review it is uncertain whether the defendant was convicted of conduct that was subject of the grand jurys' indictment." The charge has been so altered "either where (1) an additional element, sufficent for conviction, is added or (2) an element essential to the crime charged is altered." We undertake this inquiry mindful that "courts have constantly permitted significant flexibility in proof, provided that the defendant was given notice of the core of criminality to be proven at trial." " The core of criminality of an offense involves the essence of the crime, in general terms, the particulars of how a defendant effected the crime falls outside that purview." US V. Bastion, 770 F. 3d. 212, 219 (2nd Cir. 2014). "To prevail on a constructive amendment claim, a defendant must demonstrate that "the terms of the indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial liklihood that the defendant may have been convicted of an offense other than that charged

in the indictment." The movant's honorable 2d Circuit Court of Appeals ordered the district Court to vacate the 924(j) counts 3, 7, 8 under <u>Davis</u>, id, and remand for resentencing. The district court violated the movant's constitutional rights for the specific reason of not resentencing the movant. The procedural error violates the due process. The 924(j) which is unconstitutional under Davis modified the essential elements of the 924(j) charge that there is a substantial liklihood that the movant is convicted of vacated counts 3, 7, 8, which are unconstitutional. The movant would have received a 20 year sentence if sentenced today. (2023). Full resentencing is warranted in light <u>Taylor</u> id. The district court abused its discretion which is a gross miscarriage of justice. US V. Frady 456 US. 152, 168 (1982) prejudice is established where the error "work to [the defendant's] actual and substantial disadvantage." "While this Circuit views constructive amendment as a per se violation of the Grand Jury Clause requiring reversal "it has consistently permitted significant flexibility in proof, provided that the defendant was given notice of the core of criminality to be proven at trial. US V. D'Amelio, 683 F. 3d 412, 417 (2d Cir. 2012) (footnote omitted) (quoting US V. Rigas, 490 F. 3d 208, 228 (2d Cir. 2007)(emphasis omitted). The movant claims that counts 3, 7, 8 were vacated, rather the jury instructions constructively amended the indictment. This court must review for plain error Fed. R. Crim. P. 52(b).

However, if the error involved is constitutional, the court will determine whether the error was a "structual" or trial error, looking not only at the right violated, but also at the particular

(14)

nature, context,, and significance of the violation. US V. Allen 788 F. 3d. 61, 73 (2d Cir. 2015) violations of rights which are structural errors in certain circumstances may be subject harmless error in review in other contexts US V. Bowen 799 F. 3d 336, 352-53 (5th Cir. 2015) error that is "hybrid" of structural and trial errors requires reversal regardless of harm. US V. Harbin 250 F. 3d 532, 544 (7th Cir. 2010) error that falls between structural error and trial error is presumptively prejudicial. Structural errors-defects that fundamentally undermiine the reliability and fairness of the trial- are not subject to harmless review and automatically require reversal. See Arizona V. Fulminate 499 US 279, 309-10 (1991). Structural errors, as opposed to trial errors, involve defects in fundamental framework by which criminal trials assess guilt. The movant satisfies the (4) prong of the structural error doctrine. See eg. US V. Milstein 401 F. 3d. 53, 65, 66, (2d Cir. 2005) constructive amendment of indictment required remand for new trial. US V. Hoover 467, F. 3d 496, 502 (5th Cir. 2006) constructive amendment of indictment required reversal and remand; US V. Hunter 588 F. 3d 495, 502-03 (6th cir. 2009) constructive amendment of indictment constituted reversible error US V. Pigee 197 F. 3d 879, 887 (8th Cir. 1999) constructive amendment of indictment violated 5th amendment and thus constituted per se reversible error. US V. Lanton 995 F. 2d 290, 292 (D.C. Cir. 1993) constructive amendment of indictment required reversal.

The movant's indictment is duplicitous, multiplicious and fatally defective which is in violation of certain constitutional rights which requires reversal or at the least a full resentencing

with a PSR hearing

Certainly, overturning a conviction requires a crafty counsel which the movant is far from being a skilled attorney. With honor of the courtroom, the movant humbly request this court an order with instructions- a hearing to recalculate a newly structured PSR to the district court. The movant is not willing to dishonor the district court by overturning his conviction, rather pleads with the court asking for mercy to merely respectfully request a full resentence and respectfully humbly request a hearing for a new PSR.

With the reputation of maintaining the utmost high conviction rate, the movant will respectfully submit to the district court and to this honorable court by submitting with a sustained conviction, and will give his 100% conviction by fully cooperating with the Department of Justice implemented structured "system of Justice." If it so pleases this court, allow a "broken-down" dying old man, go home to his family by ordering the district resentencing. Allow this old man bow down to this court gracefully.

### Conclusion

For the reasons stated, this Court should grant the motion for authorization to file a second or successive 2255 motion as to all portions of the claims raised.

5/23/2023
/Date

*Hector Pena*
Respectfully Submitted

(16)

