```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/24
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

HECTOR RAYMOND PEÑA,

                Movant,

    - against -

UNITED STATES OF AMERICA,

                Respondent.

---

UNITED STATES OF AMERICA

    - against -

HECTOR RAYMOND PEÑA,

                Defendant.

**DECISION AND ORDER**

**17 Civ. 3891 (VM)**

**09 Cr. 341 (VM)**

**VICTOR MARRERO, United States District Judge.**

Before the Court are two motions filed by movant-defendant Hector Raymond Peña ("Peña"): a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("Section 2255")[1] and a motion for compassionate release under 18 U.S.C. § 3582 ("Section 3582").[2] Peña also asks the Court to appoint him counsel in connection with his compassionate release motion. For the reasons below, the motions are denied, and the Court declines to appoint counsel.

---

[1] The Section 2255 motion was filed both in a civil Section 2255 matter (No. 17 Civ. 3891) at Docket Nos. 25 and 29 and in the underlying criminal case (No. 09 Cr. 341) at Docket Nos. 472 and 486.

[2] The compassionate release motion was filed at Docket No. 485 in Peña's criminal case (No. 09 Cr. 341).

1

## I.  BACKGROUND

### A.  THE UNDERLYING CRIMINAL CASE

After a jury trial, Peña was convicted in 2014 of three counts of murder for hire in violation of 18 U.S.C. § 1958 ("Section 1958"), two counts of conspiracy to commit murder for hire in violation of Section 1958, and three counts of murder through use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(j) ("Section 924(j)"). See United States v. Francisco, 642 F. App'x 40, 42 (2d Cir. 2016). Peña and his brother, Jose Peña ("Jose"), were tried as co-defendants. The Court imposed upon Peña concurrent sentences of life imprisonment on each count, and in 2016, the Second Circuit affirmed the Court's judgment of conviction. See id. at 46. Peña moved under Section 2255 to vacate his conviction and sentence, and the Court denied that motion on February 12, 2019. See Peña v. United States (Peña I), 355 F. Supp. 3d 174, 176 (S.D.N.Y. 2019).

### B.  THE AMENDED JUDGMENT

Just months after the Court denied Peña's Section 2255 motion, the Supreme Court decided United States v. Davis, 588 U.S. 445 (2019). As a result of Davis, the Government conceded that two counts of Peña's conviction could not stand, and the Court found that a third count also could not stand; these

2

three counts were the three Section 924(j) counts. See United States v. Peña (Peña II), No. 09 Cr. 341, 2020 WL 7408992, at *4-6 (S.D.N.Y. Dec. 17, 2020). The Court accordingly entered an amended judgment of conviction but declined to resentence Peña because he was still subject to mandatory life sentences on the remaining counts of conviction, i.e., the Section 1958 counts. See id., at *6. At the same time, the Court denied a compassionate release motion that Peña had filed. See id., at *6-8. Peña then filed a motion for reconsideration, which the Court denied in April 2021. See United States v. Peña (Peña III), No. 09 Cr. 341, 2021 WL 1391780, at *1 (S.D.N.Y. Apr. 12, 2021).

Next, Peña moved for resentencing in the Second Circuit, and the Second Circuit dismissed the motion as baseless. See United States v. Peña (Peña IV), No. 21-1199, 2021 WL 12256310, at *1 (2d Cir. Nov. 17, 2021). In support of his motion in the Second Circuit, Peña submitted a brief containing at least three arguments that he raises again, verbatim, with respect to the instant motions. See Br. of Appellant Hector Raymond Peña, Peña IV, No. 21-1199 (2d Cir. June 8, 2021), ECF No. 24.

C.   THE INSTANT MOTIONS

In 2023, Peña sought leave from the Second Circuit to file a successive Section 2255 motion. The Second Circuit held that such leave was unnecessary because in light of the amended judgment entered after Davis, Peña's contemplated Section 2255 motion would not be "successive" within the meaning of the relevant authorities. The Second Circuit advised Peña to present this Court with his Section 2255 claims. Peña then filed the motion papers currently before the Court.

II.   LEGAL STANDARD

The Court notes at the outset that Peña is a pro se litigant. His submissions thus must be held to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993) (quoting Hughes v. Rowe, 449 U.S. 5, 9 (1980)). The Court must construe Peña's submissions "liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Boddie v. N.Y. State Div. of Parole, 285 F. Supp. 2d 421, 426 (S.D.N.Y.

2003) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

A.   APPOINTMENT OF COUNSEL

Peña asks the Court to appoint him an attorney in connection with his compassionate release motion. (See No. 09 Cr. 341 [hereinafter "Crim."] Dkt. No. 485 at 6.) Generally, a defendant's "constitutional right to counsel 'extends to the first appeal of right, and no further.'" United States v. Diaz, No. 16 Cr. 719, 2022 WL 3020145, at *4 (S.D.N.Y. July 28, 2022) (quoting United States v. Fleming, 5 F.4th 189, 193 (2d Cir. 2021)). And while a defendant's right to counsel "may extend to certain 'ancillary matters,' 18 U.S.C. § 3006A(c), such matters do not include" compassionate release motions. Id. (quoting Fleming, 5 F.4th at 193). The decision whether to appoint counsel with respect to a compassionate release motion is "left to the discretion of the district court, which may consider the merits of the defendant's motion as a 'significant factor in the exercise of that discretion.'" United States v. Chavez, No. 02 Cr. 1301, 2024 WL 2846606, at *4 (S.D.N.Y. May 30, 2024) (citation omitted).

B.   SECTION 2255

Section 2255 allows a federal prisoner to collaterally attack his or her sentence upon the ground that the sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must dismiss a Section 2255 motion before directing the Government to respond "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

The Supreme Court has held that under Section 2255, "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Hoskins, 905 F.3d 97, 102 (2d Cir. 2018) (internal quotation marks omitted) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1975)). Moreover, the Second Circuit has observed that Section 2255 review is "narrowly limited in order to preserve the finality of criminal sentences and to effect the efficient allocation of

6

judicial resources." Id. (quoting Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996)).

Accordingly, a defendant is generally "barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." United States v. Thorn, 659 F.3d 227, 231 (2d Cir. 2011). The same logic applies to arguments that *were* raised on direct appeal and decided against the defendant. See United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977) (per curiam) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under section 2255."). Similarly, courts are generally precluded from considering Section 2255 claims that have been previously raised and adjudicated in prior Section 2255 proceedings. See United States v. Peña (Peña V), 58 F.4th 613, 620 n.3 (2023); Cabrera v. United States, 972 F.2d 23, 25 (2d Cir. 1992).

C.   COMPASSIONATE RELEASE

For compassionate release[3] to be granted under Section 3582(c)(1)(A)(i),

---

[3] As the Second Circuit has explained, "compassionate release is a misnomer. [The statute] in fact speaks of sentence reduction. A district court could, for instance, reduce but not eliminate a defendant's prison sentence." United States v. Garcia, 505 F. Supp. 3d 328, 330 (S.D.N.Y. 2020) (quoting United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020)).

7

- the defendant must comply with the statute's administrative exhaustion requirement;
- the defendant must show extraordinary and compelling reasons that, consistent with Section 1B1.13 of the U.S. Sentencing Guidelines (the "Sentencing Guidelines" or the "Guidelines"), warrant a sentence reduction;
- the Court must find that the sentencing factors set forth in 18 U.S.C. § 3553(a) are consistent with a lesser sentence than that previously imposed; and
- the Court must find that there is a *particular* sentence reduction consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and warranted by extraordinary and compelling reasons.

See United States v. Feliz, No. 16 Cr. 809, 2023 WL 8275897, at *2-4 & n.3 (S.D.N.Y. Nov. 30, 2023); United States v. Rengifo, 569 F. Supp. 3d 180, 187 (S.D.N.Y. 2021).

### III. DISCUSSION

Peña's first set of papers filed in support of the instant Section 2255 motion, dated November 24, 2023 and entered on the docket in December 2023, are identical to papers he had filed in the Second Circuit when he sought authorization to file the motion, except that Peña revised the cover page and wrote on the cover page that he would "respectfully submit a motion to amend on a later date." (Crim. Dkt. No. 472 at 1.) As of May 2024, Peña had not submitted any amendments, so the Court ordered him to do so within sixty days and advised that if he did not do so, the Court would rule on the basis of the papers dated November

8

24, 2023. (See Crim. Dkt. No. 479.) Peña then submitted completed pro se motion forms under Section 2255 and Section 3582(c)(1)(A)(i), along with various attachments. (See Crim. Dkt. Nos. 485-86.) To his Section 2255 motion form, he attached a pro se brief that he already submitted to the Second Circuit when he unsuccessfully sought resentencing in 2021. See Br. of Appellant Hector Raymond Peña, Peña IV, No. 21-1199 (2d Cir. June 8, 2021), ECF No. 24.

It is unclear whether Peña actually intends to move again for compassionate release under Section 3582(c)(1)(A)(i), as he makes arguments, such as ineffective assistance of counsel, on the compassionate release form that are more appropriately raised in the Section 2255 context. (See Crim. Dkt. No. 485 at 5.) Further, he submitted the compassionate release form alongside the separate Section 2255 form and apparently in response to the Court's imposition of a deadline to amend his already-pending Section 2255 motion. In any event, the Court holds that Peña's submissions, considered separately or together, do not establish that he is entitled to relief under either statute.

A.   APPOINTMENT OF COUNSEL

For the reasons below, the Court finds that Peña has not made a threshold showing of any likelihood of merit with

9

respect to his compassionate release motion. See Chavez, 2024 WL 2846606, at *4. Therefore, the Court declines to appoint him counsel.[4]

B.   SECTION 2255

Peña makes five arguments in support of his Section 2255 motion. (See Crim. Dkt. No. 486 at 5-10; see also id. (attaching brief previously filed in Second Circuit); Crim. Dkt. No. 472 at 12-16.) First, he contends that he had inadequate notice of the charges against him in violation of the Fifth Amendment. Second, he argues that the Court's failure to resentence him after vacating the Section 924(j) counts constituted a violation of his due process rights. Third, Peña raises an argument related to the calculation before his sentencing of the applicable Sentencing Guidelines range with respect to Section 2A1.1 of the Guidelines ("Section 2A1.1"). Fourth, he contends that his lawyer's failure to investigate or raise an alibi defense violated his Sixth Amendment right to effective assistance of counsel. Fifth, Peña argues that the Court inappropriately minimized

---

[4] To the extent Peña requests counsel in connection with his Section 2255 motion, as well, the Court reaches the same conclusion. See Peña v. United States (Pena VI), No. 09 Cr. 341, 2024 WL 2159980, at *2-3 (S.D.N.Y. May 14, 2024) (denying Jose's request for appointment of counsel in connection with Section 2255 motion after setting forth standard applicable to such a request).

the risk of the coronavirus when it denied his previous motion for compassionate release.

Peña's only new argument is his first one. In support of his contention that he had inadequate notice of the charges against him, Peña argues that the Court's decision not to resentence him after its vacatur of the Section 924(j) counts constituted a constructive amendment of the underlying indictment. (See Crim. Dkt. No. 486 at 5; Crim. Dkt. No. 472 at 12-16.)

The Court rejects this argument. A constructive amendment occurs when "the government's presentation of evidence and the district court's jury instructions combine to 'modify essential elements of the offense charged to the point that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged by the grand jury.'" United States v. Vebeliunas, 76 F.3d 1283, 1290 (2d Cir. 1996) (citation omitted). As stated above, Peña's Section 1958 convictions remained in place following the Court's vacatur of the Section 924(j) counts. He was duly charged by a grand jury with Section 1958 violations, and he was convicted of those violations after a jury trial. Peña's submissions fail to persuade the Court that the Government's evidence at trial and the Court's jury instructions with respect to the Section

11

1958 charges combined to create a "modif[ication]" of any "essential element[] of the offense" so grave that Section 2255 relief is required here. Id. (citation omitted); see Hoskins, 905 F.3d at 102. Further, the Second Circuit has already rejected Jose's challenge in this case to the Court's decision not to hold a resentencing hearing after vacating the counts that could not withstand the Davis ruling. See Peña V, 58 F.4th at 615, 618–23 (stating that because "resentencing Peña would have resulted in the same sentence of mandatory life imprisonment as to which he was originally sentenced, the district court did not abuse its discretion in declining to engage in such a strictly ministerial *de novo* resentencing"); see also Peña IV, 2021 WL 12256310, at *1 (rejecting Peña's own motion to Second Circuit for resentencing as baseless).[5]

Peña's other arguments have already been rejected, in some cases repeatedly, by the Court and the Second Circuit. The Second Circuit already rejected Peña's second, third, and fifth arguments when it dismissed his motion for resentencing as baseless in 2021. See Peña IV, 2021 WL 12256310, at *1;

---

[5] In Peña V, an appeal by Jose, the Second Circuit agreed with Jose that the Court gave erroneous jury instructions with respect to the Section 1958 charges against Peña and Jose, but the Second Circuit held that the error was harmless. See 58 F.4th at 621–22 (holding that there was "overwhelming evidence that the jury would have found that death was the result of the conduct alleged in Counts Four, Five, and Six had it received proper instructions").

Br. of Appellant Hector Raymond Peña, Peña IV, No. 21-1199 (2d Cir. June 8, 2021), ECF No. 24; see also Peña II, 2020 WL 7408992, at *6 (declining to hold resentencing hearing); Peña III, 2021 WL 1391780, at *1–2 (denying motion for reconsideration of order declining to conduct resentencing, holding Peña had not established particularized risk with respect to coronavirus, and rejecting Section 2A1.1 argument because "[r]egardless of the Guidelines calculation," the remaining Section 1958 convictions carried *statutory* sentences of mandatory life imprisonment); Peña V, 58 F.4th at 615, 618–23 (holding that Jose was not entitled to resentencing under similar, if not identical, circumstances).[6] And with respect to Peña's fourth argument, this Court in 2019 rejected his contention that his lawyer's failure to pursue an alibi defense constituted constitutionally ineffective assistance of counsel. See Peña I, 355 F. Supp. 3d at 179–81; see also Peña V, 58 F.4th at 620 n.3 (stating that Jose could not raise ineffective-assistance argument because he had already unsuccessfully raised ineffective-assistance claim in prior Section 2255 motion). Accordingly, Peña's Section 2255 motion is denied.

---

[6] Peña's fifth argument regarding the coronavirus is also effectively an untimely motion for reconsideration of the Court's denial in 2020 of his prior compassionate release motion. See Peña II, 2020 WL 7408992, at *6–8; Loc. Crim. R. 49.1(b) (stating motions for reconsideration must be filed within fourteen days).

C.     COMPASSIONATE RELEASE

To the extent that Peña also seeks compassionate release under Section 3582(c)(1)(A)(i), his motion must be denied. Peña argues that he is entitled to compassionate release because (1) there were no witnesses on his behalf, (2) his counsel was ineffective because his medical records were not presented to the jury, and (3) his "head was not in the right place" while he was in Court, for which he apologizes. (Crim. Dkt. No. 485 at 5.) These contentions are plainly insufficient to establish extraordinary and compelling reasons warranting compassionate release. See generally Feliz, 2023 WL 8275897, at *2-6 (discussing and applying compassionate release standard).

Peña also checked boxes stating that he has "been diagnosed with a terminal illness" and has "a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes [his] ability to provide self-care within the environment of a correctional facility" (Crim. Dkt. No. 485 at 4), but the medical records he attached to the motion form do not sufficiently substantiate these claims. His medical records do show that he has many of the same health conditions that were present when the Court rejected his prior compassionate

14

release motion in 2020. See Peña II, 2020 WL 7408992, at *3 (listing medical conditions). Accordingly, Peña's latest motion for compassionate release is denied.

### IV. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion (see No. 17 Civ. 3891, Dkt. Nos. 25 and 29; see also No. 09 Cr. 341, Dkt. Nos. 472 and 486) filed by movant/defendant Hector Raymond Peña ("Peña") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is hereby **DENIED**; and it is further

**ORDERED** that the motion (see No. 09 Cr. 341, Dkt. No. 485) filed by Peña for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is hereby **DENIED**; and it is further

**ORDERED** that Peña's request (see No. 09 Cr. 341, Dkt. No. 485 at 6) for appointment of counsel is hereby **DENIED**; and it is further

**ORDERED** that the Clerk of Court is respectfully directed to mail a copy of this Decision and Order to Hector Raymond Peña, No. 20958-069, USP Victorville, P.O. Box 3900, Adelanto, CA 92301.

**SO ORDERED.**

Dated:   8 August 2024
         New York, New York

_____
Victor Marrero
U.S.D.J.