USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/10/2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HECTOR RAYMOND PEÑA,

Plaintiff,

- against -

UNITED STATES OF AMERICA,

Defendant.

UNITED STATES OF AMERICA

- against -

HECTOR RAYMOND PEÑA,

Defendant.

**ORDER**

**17 Civ. 3891 (VM)**

**09 Cr. 341 (VM)**

**VICTOR MARRERO, United States District Judge.**

On July 25, 2024, Petitioner Hector Raymond Peña ("Peña") moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Section 2255. (Dkt. No. 29.) On August 8, 2024, the Court denied Peña the relief he sought. (Dkt. No. 30.)

Having denied Peña's petition for a writ of habeas corpus, the Court now denies Peña a certificate of appealability for all of Peña's claims brought under 28 U.S.C. § 2255. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) Gov'g § 2254 Cases in U.S. Dist. Cts.

A court must issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that a habeas petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

As discussed in its August 8, 2024 Order, the Court denies Peña a certificate of appealability on his argument that he had inadequate notice of the charges against him because no reasonable jurist could find that the Government's evidence at trial and the Court's jury instructions with respect to the Section 1958 charges combined to create a modification of any essential element of the offense.

As to Peña's remaining arguments, the Court denies a certificate of appealability because no reasonable jurist could debate that the petition should have been resolved in a different manner. These other arguments have already been rejected by the Court and the Second Circuit as baseless several times. See United States v. Peña, No. 21-1199, 2021 WL 12256310, at *1 (2d Cir. Nov. 17, 2021); United States v.

Peña, No. 09 Cr. 341, 2020 WL 7408992, at *4-6 (S.D.N.Y. Dec. 17, 2020); United States v. Peña, 58 F.4th 613, 620 n.3 (2023); Peña v. United States, 355 F. Supp. 3d 174, 176 (S.D.N.Y. 2019). As such, Peña has made no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Peña is free to appeal the Court's denial of his motion for compassionate release under 18 U.S.C. § 3582, which does not require a certificate of appealability. However, Peña is not entitled to a certificate of appealability on his claims brought under 28 U.S.C. § 2255.

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

**SO ORDERED.**

Dated:   10 February 2025
         New York, New York

_____
     Victor Marrero
       U.S.D.J.